UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **DAZREE WILLIAMS,** | : | Case No. |
| Plaintiff, | : | Judge |
| v. | : | |
| **MAVERICK MOLDING CO,** | : | |
| Defendant. | : | **COMPLAINT AND JURY DEMAND** |

COMES NOW Plaintiff Dazree Williams ("Plaintiff"), by and through undersigned legal counsel, and for her Complaint against Defendant Maverick Molding Co. ("Defendant"), alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff is a resident of this judicial district.

2. Defendant is a for profit corporation with its principal place of business located at 11359 Grooms Road, Blue Ash, Ohio 45242.

3. This Court has jurisdiction over Plaintiff's Complaint as Plaintiff is asserting claims under the Family and Medical Leave Act, 29 U.S.C. § 2611, *et seq* ("FMLA").

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391, as the events giving rise to Plaintiff's Complaint occurred in this judicial district.

## FACTUAL ALLEGATIONS

5. Plaintiff began her employment with Defendant in 2023.

1

6. At all times relevant hereto, Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

7. At all times relevant hereto, Defendant was an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

8. On or about September 8, 2025, Plaintiff underwent hand surgery.

9. As a result of the surgery, Plaintiff was unable to work for approximately one week.

10. After returning to work following that initial recovery period, Plaintiff experienced complications related to the surgery, including an infection at the surgical site

11. Plaintiff's condition worsened over time, resulting in additional and serious medical complications.

12. Plaintiff last worked for Defendant on October 16, 2025.

13. Plaintiff's next scheduled workday was October 19, 2025.

14. Before her shift started on the evening of October 19, 2025, however, Plaintiff had to go to the hospital due to heart palpitations.

15. Plaintiff's condition worsened, and she was soon transferred to the Intensive Care Unit (ICU).

16. After Plaintiff was transferred to the ICU, a family member contacted Robin Krum, Defendant's Production Manager, and left a voicemail informing her of Plaintiff's serious medical condition.

17. On October 20, 2025, Plaintiff herself texted Ms. Krum to follow up on the voicemail left by her family member and to update her as to the status of her medical condition.

18. Plaintiff's text also told Ms. Krum she was in the ICU, an obvious indication that Plaintiff was experiencing a very serious health condition.

19. Plaintiff remained hospitalized from October 19, 2025, through October 30, 2025.

20. Plaintiff was released from the hospital only temporarily and remained unable to work due to her health.

21. She was scheduled to be re-admitted soon thereafter for surgery, as described below.

22. During her initial hospitalization, Plaintiff was treated for congestive heart failure and mitral regurgitation, both constituting serious health conditions under the FMLA.

23. On or about October 21, 2025, Plaintiff contacted Ms. Krum via text message to ask for FMLA paperwork.

24. Ms. Krum failed to provide Plaintiff with any such paperwork.

25. On November 3, 2025, Plaintiff again contacted Ms. Krum and provided a doctor's note from her medical provider.

26. In the same communication to Ms. Krum, Plaintiff requested contact information for Chris Wiesman, Defendant's Vice President of Operations.

27. On November 5, 2025, Plaintiff contacted Mr. Wiesman regarding her need for FMLA leave and the related paperwork.

28. Plaintiff repeatedly and persistently sought FMLA documentation from Defendant but never received any of the required forms or notices.

29. Plaintiff was re-admitted to the hospital for open-heart surgery on or about November 14, 2025.

30. She would remain in the hospital until being released on or about November 22, 2025.

31. After being released, Plaintiff was admitted for rehab from November 22, 2025, until December 3, 2025.

32. On November 18, 2025, Defendant terminated Plaintiff's employment, purportedly for violating its attendance policy.

33. Defendant fired Plaintiff without ever giving her notice of her rights under the FMLA, and without ever giving her the paperwork she had repeatedly requested to apply for FMLA leave

34. At the time of Plaintiff's termination, Defendant was fully aware that Plaintiff was suffering from serious health conditions that rendered her unable to work, and that she was both in need of and explicitly requesting FMLA leave.

## CAUSES OF ACTION

### Count I: FMLA Interference

35. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully restated herein and further alleges that Defendant's actions as hereinbefore described constituted unlawful interference with the exercise of her legally protected rights under the FMLA, in violation of 29 U.S.C. 2615(a)(1).

36. Plaintiff provided sufficient notice to Defendant of her need for leave by informing her supervisors of her condition and her need for time off.

37. Defendant failed to inform Plaintiff of her rights and obligations under the FMLA, failed to provide the requisite paperwork, failed to designate any leave as FMLA-protected, and failed to provide Plaintiff with the opportunity to take protected leave.

38. Defendant terminated Plaintiff while she was absent for FMLA-qualifying reasons, and after she had requested FMLA leave.

39. As a result of Defendant's unlawful interference, Plaintiff has suffered damages in the form of the loss of her employment, lost wages and benefits, and attorneys' fees and costs.

**Count II: FMLA Retaliation**

40. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully restated herein and further alleges that Defendant's termination of her employment constituted unlawful retaliation for the attempted exercise of her legally protected right to take medical leave under the FMLA, in violation of 29 U.S.C. § 2615(a)(2).

41. Plaintiff engaged in protected activity under the FMLA by notifying Defendant of her need for time off due to her serious health conditions.

42. Defendant failed to provide the requisite paperwork, and instead counted FMLA-qualifying absences against Plaintiff under its attendance policy.

43. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages in the form of the loss of her employment, lost wages and benefits, and attorneys' fees and costs.

WHEREFORE, Plaintiff hereby prays for judgment against Defendant as follows:

a. For reinstatement and an award of backpay and benefits;

b. If reinstatement is deemed inappropriate, for an award of front pay and benefits;

c. For an award of liquidated damages equal to her lost wages and benefits;

d. For an award of her reasonable attorneys' fees and costs incurred herein;

e. For all other and further relief to which she may be entitled.

*/s/ Stephen E. Imm*
Stephen E. Imm (0040068)
Samantha B. Isaacs (1045090)
FINNEY LAW FIRM, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio 45245
(513) 943-5678
(513) 943-6669-fax
stephen@finneylawfirm.com
samantha@finneylawfirm.com
*Attorneys for Plaintiff*

**JURY DEMAND**

Plaintiff demands trial by jury for all issues so triable.

>  */s/ Stephen E. Imm*
>  Stephen E. Imm (0040068)